```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

GLENSIRRES SPENCER                         CIVIL ACTION

VERSUS                                     NO: 13-4706

HERCULES OFFSHORE, INC., et al.            SECTION: R(3)

### ORDER AND REASONS

Defendants Hercules Offshore, Inc. and Hercules Drilling Company ("Hercules") move for partial summary judgment, seeking dismissal of plaintiff Glensirres Spencer's maintenance and cure claims related to his alleged back injury.[1] For the following reasons, the Court GRANTS Hercules' motion only as to Spencer's lower back.

**I.  Background**

*A.  Overview*

Spencer sues Hercules and Abdon Callais Offshore, LLC ("Abdon Callais") under the Jones Act and general maritime law.[2] He alleges that he was injured in the course of his employment with Hercules.[3] Specifically, he alleges that, on or about June 9, 2012, he sustained injuries while offloading "casing" from Hercules' Rig 205 to a supply vessel owned and/or operated by

---

[1] R. Doc. 55.

[2] R. Docs. 1, 18.

[3] R. Doc. 1 at 2.

Abdon Callais.[4] The record indicates that Spencer's legs became pinned under a bundle of casing, resulting in injuries to his legs and back.[5] Spencer alleges negligence and unseaworthiness.[6] He further alleges that Hercules "wrongfully failed to pay all cure to which he is entitled" and that he "is therefore entitled to recover past due cure."[7]

Hercules moves for summary judgment on the maintenance and cure claims related to Spencer's back injury. It contends that Spencer intentionally concealed previous medical treatment for back pain that was material to Hercules' decision to hire him.[8] Accordingly, it argues that it does not owe maintenance and cure for Spencer's back injury. *See Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005) (citing *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (1968)) ("An employer is allowed to rely on certain legal defenses to deny [maintenance and cure] claims. One such defense is that the injured seaman willfully concealed from his employer a preexisting condition.").

B.   Previous Treatment for Back Pain

---

[4] *Id.;* R. Doc. 18 at 2.

[5] R. Doc. 55-3 at 1.

[6] R. Doc. 1 at 2.

[7] *Id.* at 3.

[8] R. Doc. 55 at 1, 2; R. Doc. 84 at 4.

2

On January 28, 2008, Spencer was a passenger in the back seat of a van when the driver slammed on the brakes to avoid a deer, causing Spencer to strike his head on the seat in front of him.[9] The van had been traveling at 65 miles per hour.[10] Spencer received treatment at Forrest General Hospital in Hattiesburg, Mississippi for a "tight and stiff" neck and "tightness" in his back.[11] The records indicate that his back pain was in the upper lumbosacral region of his spine – *i.e.*, his lower back.[12] He rated the pain as seven on a scale of zero to ten.[13] Spencer was discharged with a prescription for medication and orders to restrict his activity to light duty for two days.[14]

C.   *Pre-Employment Medical Questionnaires*

On March 22, 2012, before he began his employment with Hercules, Spencer completed three medical questionnaires. First, he completed a "Post-Offer Employee Medical Questionnaire." He signed his name after the statement, "I have never sustained an injury nor sought medical attention for a physical problem

---

[9] R. Doc. 55-8 at 4.

[10] *Id.* at 5.

[11] *Id.* at 3.

[12] *Id.* at 5.

[13] *Id.* at 4.

[14] *Id.* at 4, 8.

3

(except for sickness or flu, etc)."[15] The form leaves space for the employee to detail any previous injuries to certain parts of the body, including the neck and the back. Spencer left these spaces blank.[16] On the next page, he indicated that he did not have, and had never had, "Back Trouble."[17] He answered "No" to the question,"Have you ever been told by a doctor that you have any problems in your back/neck?"[18]

As part of the hiring process, Spencer met with an occupational physician, for whom he completed a health history questionnaire. He answered "No" to the question "Have you had, been told [you] have/had or been treated for . . . [a] [d]isorder of the neck/back [or] spine . . . ?"[19] The physician wrote on the form, "No history of back or knee problems."[20]

Finally, Spencer completed an "OSHA Respirator Medical Evaluation Questionnaire." He did not check either the "Yes" or the "No" box after the question, "Have you ever had a back injury?"[21]

---

[15] R. Doc. 55-4 at 9.

[16] *Id.*

[17] *Id.* at 2.

[18] *Id.*

[19] R. Doc. 55-5 at 1.

[20] *Id.*

[21] R. Doc. 55-6 at 4.

4

D.   *Spencer's Current Back Injury*

In his deposition, Spencer describes his current back pain as "start[ing] at the lower part of my back and then . . . go[ing] down."[22] He specifies that it starts "[a]bout three or four" inches above his belt line.[23] His medical records consistently describe lower back pain.[24] A spinal report dated June 25, 2012 indicates various abnormalities along Spencer's lumbar vertebrae – *i.e.,* his lower back.[25]

II.  **Summary Judgment Standard**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*

---

[22] R. Doc. 55-2 at 9.

[23] *Id.*

[24] R. Doc. 84-2 at 1 ("severe low back pain . . . pain in the lower lumbosacral spine"); R. Doc. 84-3 at 1 ("Low back pain"); R. Doc. 84-5 at 1 ("lower back pain").

[25] R. Doc. 84-3 at 1.

*Co.*, 530 F.3d 395, 398-399 (5th Cir. 2008). The Court must draw reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quotation marks removed).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quotation marks removed). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by

submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *Id.; see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 322).

## III. Discussion

"Maintenance and cure is a contractual form of compensation given by general maritime law to a seaman who falls ill while in the service of his vessel." *McCorpen*, 396 F.2d at 548. "Maintenance may be awarded by courts even where the seaman has suffered from an illness pre-existing his employment, but there is a general principle that it will be denied where he knowingly or fraudulently conceals his illness from the shipowner." *Id.* When the shipowner "requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts . . . he is not entitled to an award of maintenance and cure." *Id.* at 549. To rely on this defense, known as the *McCorpen* defense, an employer

must establish that (1) the seaman intentionally misrepresented or concealed medical facts, (2) the non-disclosed facts were material to the employer's hiring decision, and (3) there is a connection between the non-disclosed facts and the injury now incurred. *Brown*, 410 F.3d at 171. The Court finds that Hercules has established each element of its *McCorpen* defense as to Spencer's alleged lower back injury.

Under the first prong of the *McCorpen* defense, the employer must prove that "the claimant intentionally misrepresented or concealed medical facts." *Id.* This inquiry "does not require a finding of subjective intent." *Id.* at 175 (quoting *Vitovich v. Ocean Rover O.N.*, No. 94-35047, 106 F.3d 411, 1997 WL 21205, at *3 (9th Cir. Jan. 14, 1997) (unpublished opinion)) (quotation marks removed). Rather, it is satisfied by proof that the seaman failed to disclose medical information in "an interview or questionnaire that is obviously designed to elicit such information." *Id.* at 174 (quoting *Vitovich*, 1997 WL 21205, at *3). Here, Spencer failed to disclose his 2008 back pain when asked, on the various questionnaires, whether he had ever had an "injury," a "back injury," "back trouble," "back problems," a "back disorder," or whether he had ever sought medical attention for a "physical problem." The Court finds that the questionnaires were obviously designed to elicit information about any previous injuries resulting in back pain, especially any for which the

applicant received medical treatment. Accordingly, the Court finds that Spencer "intentionally misrepresented or concealed medical facts" for purposes of the *McCorpen* defense.

The second element of the *McCorpen* defense, materiality, is satisfied when "an employer asks a specific medical question on an application, and . . . the inquiry is rationally related to the applicant's physical ability to perform his job duties." *Id.* at 175. Here, Hercules specifically asked, in connection with Spencer's application, whether Spencer had ever had an "injury," a "back injury," "back trouble," "back problems," a "back disorder," or whether Spencer had ever sought medical attention for a "physical problem." The Court finds that these inquiries are rationally related to Spencer's physical ability to perform his job duties, since it is undisputed that Spencer's work as a seaman involved physical labor, including unloading bundles of casing from one vessel to another.[26] Accordingly, the Court finds that the information Spencer withheld regarding his 2008 back pain was material to Hercules' hiring decision.

The third element of the *McCorpen* defense, causality, is satisfied when the plaintiff claims an injury to the same part of his body that was previously injured. *Id.* at 176 ("Because Brown's injuries were to the same location of the lumbar spine, the causal link between the concealed information and the new

---

[26] *See* R. Doc. 1 at 2.

injury was established at trial."). Spencer's 2008 back pain was located in the upper lumbosacral region of his spine – *i.e.*, his lower back. The record indicates that his current injury is also located in his lower back, at least in significant part. Accordingly, the Court finds that there is a connection between the information Spencer withheld regarding his 2008 back pain and the injury he now claims to his lower back. The Court concludes that Hercules has established all three elements of its *McCorpen* defense as to the alleged injury to the lumbosacral region of Spencer's spine.

In its reply brief, Hercules raises for the first time the argument that Spencer additionally concealed treatment he received in 2011 for thoracic spine pain, and that he has received treatment for his thoracic spine, in addition to his lumbar spine, since the injury giving rise to this litigation.[27] Because Hercules did not raise this additional allegation of non-disclosure in its original motion for partial summary judgment, the argument is not properly before the Court. *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief."); *Cooper v. Faith Shipping*, No. 06-892, 2008 WL 5082890, at *4 (E.D. La. Nov. 25, 2008) (same). Accordingly, at this time

---

[27] R. Doc. 84 at 4, 6, 9-10.

Hercules' *McCorpen* defense fails as to any claims of injury to Spencer's thoracic spine.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Hercules' motion for partial summary judgment only as to the alleged injury to Spencer's lower back.

New Orleans, Louisiana, this __22nd__ day of April, 2014.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**